**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 18-23960-Civ-WILLIAMS/TORRES

ENDURANCE ASSURANCE CORP.,

     Plaintiff,

v.

GLORIA ZOGHBI, *et al.,*

     Defendants.

_____/

***REPORT AND RECOMMENDATION***
***ON THE DEFENDANTS' MOTION FOR ATTORNEYS' FEES***

This matter is before the court on Elite Premium Finance, Inc. and Security Finance, Inc.'s (collectively, "Defendants") motion for attorneys' fees. [D.E. 48]. On May 5, 2020, Endurance Assurance Corp. ("Plaintiff") filed its response in opposition to Defendants' motion [D.E. 53]. Defendants then filed a reply to Plaintiff's response [D.E. 54]. Therefore, Defendants' motion is now ripe for disposition.[1] After careful consideration of the motions, responses, reply, and relevant authority, and for the reasons discussed below, Defendant's motion should be **GRANTED**.

_____

[1] The Honorable Kathleen M. Williams referred the motion to the undersigned Magistrate Judge for disposition on April 13, 2020. [D.E. 49].

1

# I.  BACKGROUND

Defendants brought an insurance coverage action against Plaintiff in state court. While the state litigation was pending, Plaintiff filed an action in this Court seeking a declaration that it owed no duty to indemnify Defendant, Mrs. Zoghbi, in the underlying suit filed by Defendants [D.E. 1].  On October 5, 2018, Defendants filed a motion to dismiss the action asking the Court decline to abstain from exercising jurisdiction based on the ongoing state court litigation [D.E. 7].  The Court granted Defendants' motion to dismiss based on *Ameritas* factors.  *See Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1329 (11th Cir. 2005) (holding the dismissal of a declaratory judgment was proper because the "action amounted to unnecessary and inappropriate interference with state court action").  The Court found that all the *Ameritas* factors weighed in favor dismissal.   [D.E. 34]. Subsequently, Plaintiff appealed. [D.E. 35.].  The Eleventh Circuit Court of Appeals dismissed the action without prejudice. [D.E. 43].  Defendants then filed a motion for attorneys' fees.  [D.E. 48].

# II.  ANALYSIS

Parties are generally required to bear their own litigation expenses regardless of who wins or loses.  *See Fox v. Vice*, 563 U.S. 826, 832 (2011). Exceptions exist, however, where the legislature authorized courts to deviate from this rule in certain

types of cases by shifting fees from one party to another.  *See id.* In diversity cases, a party's right to attorney's fees is determined by reference to state law."  *Prime Ins. Syndicate, Inc. v. Soil Tech., Inc.*, 270 F. App'x 962, 963 (11th Cir. 2008).  Thus, this Court will apply Florida law.

Both parties agree that Fla. Stat.  § 627.428(1) of the Florida statutes controls this case but disagree whether the "judgement or decree" requirement was satisfied. The Court begins with the text of the statute.  Section 627.428(1) reads:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

Florida courts have consistently held that the purpose of section 627.248 "is to discourage the contesting of valid claims against insurance companies and to reimburse successful insureds for their attorney's fees when they are compelled to defend or sue to enforce their insurance contracts."  *Ins. Co. of N. Am. v. Lexow*, 602 So. 2d 528, 531 (Fla. 1992) (citing *Wilder v. Wright*, 278 So. 2d 1 (Fla. 1973) (insured entitled to attorneys' fees after insurer's unsuccessful appeal)).

The Eleventh Circuit has already found that the dismissal for a lack of subject matter jurisdiction may warrant attorneys fees under section 627.428.  *Prime, 2*70 F. App'x at 964.  In *Prime,* the plaintiff sought declaratory judgment regarding a policy it issued to defendant.  *Id.* at 963.  In response, defendant moved for summary

judgement arguing the court lacked subject matters jurisdiction. *Id.* The Eleventh Circuit rejected the plaintiff's argument because Florida courts applying the statute have consistently held that the insured party did not need to prevail on its merits. *Id.* at 964. Thus, even though the defendant did not win on the merits, defendant satisfied the requirements under 627.428.

Following that highly persuasive precedent, this Court applied section 627.428 and awarded attorneys fees to an insured in another insurance coverage action after we dismissed the case on procedural grounds. *Capital Specialty Ins. Corp. v. Ortiz*, No. 17-23329, 2019 WL 383868, at *1 (S.D. Fla. January 15, 2019) (Torres, M.J.), (*adopted*) 2019 WL 367916 (S.D. Fla. Jan. 30, 2019). In *Ortiz*, the insurer plaintiff sought a declaration that the policy it issued to the insured defendant did not afford the party coverage for the damages claimed in a tort case filed in state court against the plaintiff. After plaintiff moved to dismiss, the Court granted that motion and dismissed the action without prejudice. The Court then considered defendant's motion for fees under the Florida insurance code and agreed with the insured that dismissal of the case on subject matter jurisdiction grounds still triggered an award of fees under section 627.428. *See also Union Fire Ins. Co. of Pittsburg, Pa v. F Vicino Drywall II, Inc. et al.*, No 10-60273, 2011 WL 13214289, at *1 (S.D. Fla. August 22, 2011) (holding the court's dismissal of plaintiff's complaint for lack subject matter jurisdiction satisfied the "judgment or decree" requirement under 627.428).

Here, this case closely resembles *Prime* and these district court cases that followed it. Like *Prime*, the plaintiff sought a declaratory judgment action against

4

the defendant(s), the declaratory judgment was denied, the decision was appealed to the Eleventh Circuit, and both cases were decided on procedural grounds. Nevertheless, Plaintiff's argues that section 627.428 requires the insured to obtain some form of tangible recovery in the litigation to seek an award of fees. To support this argument, Plaintiff primarily cites various Florida appellate cases. *See* Pl.'s Resp. at 4–5.  Notably, Plaintiff has not highlighted any relevant Florida Supreme Court case applying section 627.428, thereby implying that the Court may simply treat these Florida intermediate court decisions as controlling law on the topic.  *See id.* (citing *Magdalena v. Toyota Motor Corp.*, 253 So. 3d 24 (Fla. 3d DCA 2017); *O.A.G. Corp. v. Britmaco Underwriters Inc.*, 707 So. 2d 785 (Fla. 3d DCA 1998); *De la Osa v. Wells Fargo Bank N.A.*, 208 So. 3d 259 (Fla. 3d DCA 2016); *Do v. GEICO Gen. Ins. Co.*, 137 So. 3d 1039 (Fla. 3d DCA 2014); *Guarantee Ins. Co. v. Worker's Temporary Staffing, Inc.*, 61 So. 3d 1233 (Fla. 5th DCA 2011); *cf. Coppola v. Federate Nat'l Ins. Co.*, 890 So. 2d 1171 (Fla. 4th DCA 2006); *O'Malley v. Nationwide Mut. Fire Ins. Co.*, 890 So. 2d 1163 (Fla. 4th DCA 2004)).

Plaintiff forgets, however, that for our purposes the controlling law is set by the Florida Supreme Court.  A federal court sitting in diversity is bound by the Florida Supreme Court, as well as Eleventh Circuit cases interpreting that Court's decision.  *See, e.g., KMS Rest. Corp. v. Wendy's Int'l, Inc.*, 361 F.3d 1321, 1325 (11th Cir. 2004).  Only if there are "no supreme court decisions on point" do we consider what the intermediate appellate courts have decided "unless there is some really persuasive indication that the Florida Supreme Court would go the other way." *Id.*

Thankfully for us, there is highly relevant Florida Supreme Court authority we can consider that fully supports the conclusion that any judgment or order for the insured, whether procedural or on merits, satisfies the judgment or decree requirement.  *See Ivey v. Allstate Ins. Co.*, 774 So. 2d 697, 684 (Fla. 2000) ("Florida law is clear that in 'any dispute' which leads to judgment against the insurer and in favor of the insured, attorney's fees shall be awarded to the insured"); *Lexow,* 602 So. 2d at 531 ("If the dispute is within the scope section 627.428 and the insurer loses, the insurer is always obligated for attorney's fees"); *Home Ins. Co. v. Drescher,* 220 So. 2d 902, 903-4 (Fla. 1969) (awarding attorney's fees incurred in litigating the appeal before the Florida Supreme Court after discharging a writ of certiorari as improvidently granted).  This authority is, for all intents and purposes, "on point."  But even if one could derive some distinguishing feature with these cases and ours, they at best demonstrate that there is strong indication that Plaintiff's authorities may not be controlling law in Florida.

Plaintiff's full-throated reliance on the contrary intermediate level cases is thus not very persuasive.  And equally unpersuasive is Plaintiff's failure to directly challenge or distinguish the Supreme Court's decisions that cut against its position here.  *See, e.g., Ivey*, 774 So. 2d at 684 ("If a dispute arises between an insurer and an insured, and judgment is entered in favor of the insured, he or she is entitled to attorney's fees").

On the other hand, Plaintiff does take a shot at distinguishing *Prime* and the four appellate level cases the Eleventh Circuit relied on when deciding *Prime*: (1)

6

*Dawson v. Aetna Cas. & Sur. Co.*, 233 So. 2d 860 (Fla. 3d DCA 1970); (2) *Drescher*, 220 So. 2d at 902 (Fla. 1969); (3) *Arango v. United Auto. Ins. Co.*, 901 So. 2d 320 (Fla. 3d DCA 2005); and (4) *Leaf v. State Farm Mut. Auto. Ins. Co.*, 544 So. 2d 1049 (Fla. 4th DCA 1989).   Plaintiff concludes that neither *Prime* nor the four preceding appellate cases mandate an award of fees to Defendants.

We readily find, however, that Plaintiff's position has little merit.  *See Arango*, 901 So. 2d at 321–22 (insured was the successful plaintiff in district court and was awarded attorney fees after insurer's unsuccessful appeal); *Leaf*, 544 So. 2d at 1050–51 (insured awarded fees after insurer unsuccessful appealed a jury verdict for insured).  Plaintiff argues *Prime,* and its supporting cases, support the notion that the dismissal of the coverage action did not satisfy the judgement or decree requirement.  But *Prime* and the supporting cases support the opposite proposition. *See Prime,* 270 F. App'x at 964; *Arango*, 901 So. 2d at 322 (when the circuit court appellate division dismissed [insurer's] appeal below, [insured] became the prevailing party for purposes of section 627.428 . . . notwithstanding the fact that there was no decision on the merits").

Plaintiff also claims, for instance, that *Dawson* has limited value because the case interpreted an earlier version of section 627.428.  Yet this Court and the Eleventh Circuit relied on *Dawson* to interpret current versions of the statute. *See Prime,* 270 F. App'x at 896; *Ortiz*, 2019 WL 383868, at *2.  Similarly, *Drescher* supported the exact opposite proposition offered by Plaintiff here. 220 So. 2d at 903-4 (awarding attorney's fees incurred in litigating the appeal before the Florida

7

Supreme Court after discharging a writ of certiorari as improvidently granted). Plaintiff's attempts to undermine the relevance of all these cases fall flat.

Defendants, on the other hand, correctly rely on *Prime*.  The similarities were discussed above.  Aside from the difference that *Prime w*as dismissed for want of subject matter jurisdiction and the case before the court was dismissed based on prudential reasons (i.e. the *Ameritas* factors), *Prime* appears to be on point. Defendants also relied on *Ortiz*, which also closely resembles the issue at hand.  In *Ortiz*, this Court held that a dismissal without prejudice for lack of subject matter jurisdiction warranted attorneys fees for insured.[2]  2019 WL 383868, at *4.  We agree with Defendants that, as this Court acknowledged in *Ortiz,* the Eleventh Circuit and the Florida Supreme Court agree that the dismissal of an insurer's claim mandates a fee award regardless of merits or non-merits dismissal.  *Id.* at *2 & n.2.[3]

---

[2] Admittedly, this court did technically apply a different provision of the insurance code found in section 626.9373 in *Ortiz*.  But all parties, the plaintiff, defendant, and the Court, agreed that 627.428 and 626.9373 were virtually indistinguishable and that courts applied the two fee provisions in the same way. *Ortiz*, 2019 WL 383868, at *4.

[3] We note here that at least one federal district court in our circuit has chosen not to follow the unpublished decision in *Prime* because it conflicts with earlier circuit authority on the question whether a dismissal for lack of subject matter jurisdiction divests a court from later awarding any resulting fees.  *See Southern-Owners Ins. Co. v. Maronda Homes, Inc. of Fla.,* 2020 WL 1451684 (M.D. Fla. Mar. 25, 2020) (Corrigan, J.).  Judge Corrigan's concerns, though fully supported and explained in his decision, have no bearing here because the dismissal of this federal action was not based on the total absence of subject matter jurisdiction.  It was instead a non-merits dismissal for prudential reasons based on the pendency of the state court litigation under *Ameritas*.  But we pause to also note that Judge Corrigan's thoughtful analysis may itself no longer be persuasive after the Eleventh Circuit's recent decision in *Hyde v. Irish,* __ F.3d ___, 2020 WL 3260813 (11th Cir. June 17, 2020).  That case, which affirmed a ruling by this Court on a sanctions matter, squarely held that an award of fees, even if based on inherent powers of the Court or a procedural rule like Rule 11,

Taking all relevant cases and arguments into consideration, Defendants are entitled to attorneys' fees under section 627.428. Defendants satisfied the judgment or decree requirement under section 627.248. *See Prime,* 270 F. App'x at 964; *see also Lexow*, 602 So. 2d at 531 (insured entitled to attorneys fees after insurer's unsuccessful appeal). The dismissal of insurer's claim or appeal satisfies the judgment requirement under 627.428. *Drescher*, 220 So. 2d 902, 903–04 (Fla.1969); *see also Arango*, 901 So. 2d at 321 ("We construe the prevailing party clause in the appellate fee portion of section 627.428, which mandates a fee award 'in the event of an appeal in which the insured or beneficiary prevails' to include cases in which an insurer commences an appeal, but the appeal is then dismissed without a decision on the merits."). The case before us should be no exception.

In sum, Defendants prevailed in two significant ways. First, they obtained dismissal of Plaintiff's federal action. Second, they retained their prevailing status when the Eleventh Circuit dismissed the plaintiff's claim. Following *Soil Tech*, Defendants should be awarded attorneys' fees because this Court's dismissal based on the *Ameritas* factors satisfied the "judgment or decree" requirement prescribed by section 627.428. Likewise, the Eleventh Court's dismissal of Plaintiff's claim also

---

falls under the "collateral matters" exception to the limited scope of subject matter jurisdiction. The Court followed a long line of authorities that hold that fee matters are indeed "collateral issues." So Judge Corrigan's conclusion that a fee award under section 627.428 cannot survive a dismissal for lack of subject matter jurisdiction is now doubtful. But in any event, we need not worry about that particular wrinkle because it does not arise in this case.

9

satisfied the requirement.   Thus, Defendants are the prevailing party under section 627.428.

We add that, by awarding attorneys' fees to the Defendants, the legislative purpose of 627.428 is satisfied.  Section 627.428 was enacted to discourage insurers from contesting valid claims.  *Lexow*, 602 So. 2d at 531.  Though we cannot speak to the validity of Defendants' state court litigation, we can find that the insurer wrongly brought a duplicative federal court action when a state case, deciding the same issue, was ongoing.  To foster greater caution in the future, Florida law grants the insureds the right to recover their fees and costs incurred in successfully defending against such a venture.

### III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Defendants' motion for attorneys' fees [D.E. 48] be **GRANTED** at this point in so far as we now find that entitlement to fees has been established under Florida law, specifically Fla. Stat. § 627.428.  Once this finding becomes final, Defendants shall then prepare and file 45 days thereafter their application for an award of fees in compliance with Local Rule 7.3.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge.  Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on

appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report.  28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 7th day of July, 2020.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge